**Audy Leon BRUMLEY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12630.**

Criminal Court of Appeals of Oklahoma.

Sept. 17, 1958.

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Audy Leon Brumley was charged by information filed in the district court of Tulsa County with the crime of burglary, second degree, after former conviction of a felony;

was tried before a jury, found guilty and the jury being unable to agree upon the amount of punishment to be assessed, left that to the trial judge, who fixed punishment at 15 years confinement in the State Penitentiary. Appeal has been perfected to this court.

■ Petition in error with casemade attached was filed in this court on June 11, 1958, and under the rules of the court brief was due to be filed within thirty days thereafter, but to date no brief has been filed, nor has an extension in which to file brief been requested or granted. The case, nevertheless, was set on the docket of September 10, 1958, for oral argument, but counsel did not appear, and the case was thereupon submitted for an opinion on the record.

This court has said in many cases too innumerable to mention and specifically in Hulsey v. State, 82 Okl.Cr. 332, 169 P.2d 771:

"Where the defendant appeals from a judgment of conviction and no briefs are filed, nor argument presented, this court will examine the evidence and ascertain if it supports the verdict, and will make an examination of the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed."

Accordingly we have complied with this rule and find no material error.

The uncontradicted evidence developed that just after midnight on January 2, 1958, officers converged on the Arcade Laundry at 115 South Detroit, Tulsa. Policeman Jarrett and a burglar alarm representative arrived at the front of the building almost simultaneously, and Officer James W. Clark approached from the alley in the rear, and threw his light on the back of the laundry building. Officer Clark noticed that the lower glass from a back window had been broken, and he saw a man crawling out of the building, through this broken window. When the light struck the man, he immediately crawled back into the building. Officer Clark kept his light on, got out of his car and awaited other officers, some getting to the top of the roof to prevent possible escape there, while eventually three officers entered the building through the broken window. In the meantime Officer Jarrett had tried the three doors in the front and found them all locked. The center door had a glass window, and when Jarrett looked into it the second time he saw a man approaching from the rear. There was light inside, and outside the building. The officer called to the man to open the door, which he did. Officer Jarrett identified the man as the defendant, whom he said informed him that he had entered the building to check on an application he had put in for employment. The officer promptly placed defendant under arrest.

W. A. Gallop testified that he owned and operated the Arcade Laundry and Dry Cleaners at 115 South Detroit. He said that they finished work at the laundry about 3:30 in the afternoon of January 1, and he personally saw to the closing and locking up of the building; that all windows and doors were securely locked, and burglar alarm system was put in operation from all windows and doors. He said that about 12:15 or 12:20 a. m. on January 2 he was called on the telephone to come to his place of business, and responded immediately; that when he got there around 12:30 a. m. he found the burglar-alarm man and a number of police officers present, and the defendant under arrest. He said that he had never seen the defendant before, and had not been considering employing him. He found nothing missing from the building, but did find some clothing piled up on the floor of the building and had not noticed this when he closed up. He said his employees were not permitted to handle clothing in such manner, but were instructed to hang same on hangers, or place in a basket. He could not say that an employee had not placed the clothing there.

It was stipulated that the allegations of the information concerning prior offenses in cases Nos. 14553 and 13137 might be considered by the jury and court as true and correct, and that defendant did not deny such former convictions, one of which was

for burglary, second degree, second and subsequent offense and in which defendant had been sentenced to the state penitentiary at McAlester for fifteen years.

The defendant did not testify, and offered no evidence. The record shows that defendant did not furnish bond and is at this time incarcerated in the penitentiary, serving his sentence.

The judgment of the district court of Tulsa County is affirmed.

BRETT, P. J., and NIX, J., concur.